Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| RODRIGO ROBLES AMBERT  Recurrente  v.  DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO  Recurrido | TA2026RA00058 | *Revisión Administrativa* procedente del Departamento de Educación  Sobre: Educación Especial  Querella Núm. QEE-2526-27-12-01325 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos la recurrente, Yassel Ambert Cabrera (en adelante, recurrente o Ambert Cabrera), en representación de su hijo menor de edad, identificado por sus siglas RRA, y nos solicita la revisión de la *Resolución*, emitida el 12 de enero de 2026, por la Jueza Administrativa del Foro Administrativo de Educación Especial, la Lcda. Marie Lou De la Luz Quiles (en adelante, Jueza Administrativa). Mediante esta, desestimó la querella incoada por la recurrente.

Por los fundamentos que expondremos a continuación, se *confirma* la determinación recurrida.

### I

El 9 de diciembre de 2025 la recurrente presentó una *Querella de Debido Proceso* contra el recurrido, el Departamento de Educación de Puerto Rico (en adelante, recurrido o Departamento de Educación).[1] En síntesis, la recurrente alegó que el Departamento de Educación redactó para el menor RRA un *Programa de Educación*

---

[1] Apéndice del recurso, Entrada Núm. 1.

*Individualizada* (en adelante, PEI) defectuoso y contrario a los requisitos esbozados en el *Individuals with Disabilities Education Act*, 20 USC sec. 1400 *et seq.* (en adelante, IDEA). Adujo que, debido a las deficiencias del PEI, se clasificó al menor RRA de forma errónea, al igual que no se le identificó adecuadamente como un estudiante con discapacidad. En consecuencia, la recurrente planteó que se vio en la obligación de sufragar los costos de su colocación en escuelas privadas, lo que le privó de un derecho a educación pública y gratuita. Por consiguiente, la recurrente solicitó que se le suministran al menor RRA las evaluaciones completas e integrales necesarias, así como que se le desarrollara un PEI adecuado. Además, peticionó que se le compensara por la educación que no se le brindó, y que le reembolsaran los gastos educativos privados que pagó. Por último, reclamó la convocatoria del *Comité de Programación y Ubicación* (en adelante, COMPU), al igual que los honorarios de abogados aplicables.

Más adelante, el 16 de diciembre de 2025, el recurrido se comunicó por correo electrónico con la señora Ambert Cabrera, y con su representación legal, para coordinar, para el 18 de diciembre de 2025, a las 2:30pm, una reunión de conciliación.[2] Surge de los correos electrónicos intercambiados que, tanto la recurrente como su representación legal, confirmaron su asistencia a la misma.[3] No obstante, llegado el día coordinado para reunirse, estos no comparecieron.

Posteriormente, el 2 de enero de 2026, el Departamento de Educación presentó una *Moción sobre No Participación del Proceso de Conciliación de Buena Fe y Solicitud de Desestimación.[4]* En la misma, el recurrido informó que ni la recurrente ni su

---

[2] Apéndice del recurso en oposición, Anejo II-B, págs. 1-2.
[3] *Íd.*, Anejo II-B, págs. 5-6.
[4] Apéndice del recurso, Entrada Núm. 3.

representación legal habían comparecido a la reunión de conciliación acordada, a pesar de haber confirmado previamente su asistencia. Sostuvo que realizó esfuerzos razonables para comunicarse con la recurrente, pero estos fueron infructuosos. En consecuencia, solicitó que, conforme a lo dispuesto de la ley IDEA, *supra,* se desestimara sin perjuicio la querella por falta de participación de la recurrente.

El 4 de enero de 2026 la recurrente presentó su oposición a la desestimación solicitada.[5] En resumen, alegó que la desestimación era improcedente, ya que, según su parecer, el mero señalamiento de una reunión de conciliación no satisfacía de por sí el requisito de esfuerzos razonables que exige la ley IDEA, *supra.* Planteó que el Departamento de Educación no incluyó a la reunión en controversia al personal correspondiente, ni le suministró el expediente administrativo del menor RRA, previo a su celebración. Además, arguyó que el Departamento de Educación no había contestado la querella antes de la reunión de conciliación, lo cual le impedía llevar a cabo una negociación informada. De este modo, solicitó que se denegara la solicitud de desestimación, y se ordenara al Departamento de Educación darle acceso a la recurrente al expediente administrativo del menor RRA.

Evaluadas las mociones, el 12 de enero de 2026, la Jueza Administrativa emitió la *Resolución* recurrida.[6] Mediante esta, concluyó el Departamento de Educación evidenció los esfuerzos razonables que realizó para que se llevara a cabo la reunión de conciliación. Igualmente, determinó que, a pesar de que la recurrente confirmó su asistencia, esta no compareció a la reunión. Por consiguiente, la Jueza Administrativa concluyó que, conforme a lo dispuesto tanto en la ley IDEA, *supra,* como la reglamentación

---

[5] *Íd.*, Entrada Núm. 4.
[6] *Íd.*, Entrada Núm. 2.

federal pertinente, ante la falta de participación de los padres en el proceso, procedía desestimar la querella. Siendo así, declaró *Ha Lugar* la petición del Departamento de Educación.

Inconforme, el 9 de febrero de 2026, la recurrente presentó el recurso de epígrafe. En el mismo, señala la comisión de los siguientes errores:

> La OVI De la Luz Quiles incurrió en violación al debido proceso administrativo al omitir adjudicar los planteamientos sustantivos debidamente presentados por la parte querellante, incluyendo los relacionados con la privación de FAPE, resolviendo el caso sin una determinación fundada en los méritos.

> La OVI De la Luz Quiles incurrió en error de derecho al tratar la conciliación bajo IDEA como un requisito jurisdiccional o automático de desestimación. Este error se comete mediando la confusión del derecho de padres aplicando una interpretación contraria al texto, propósito y esquema procesal de la ley federal.

> La OVI De la Luz Quiles incurrió en abuso de discreción y falta de imparcialidad al hacer uso arbitrario del proceso administrativo para evadir la adjudicación de FAPE, abandonando su función adjudicativa independiente, acogiendo de forma acrítica las posiciones de la Agencia y negando a la madre su derecho a ser oída, con el efecto de menoscabar las garantías federales aplicables.

Por su parte, el 11 de marzo de 2026, el Departamento de Educación presentó su oposición al recurso.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

**A**

El *Individuals with Disabilities Education Act,* 20 USC sec. 1400 *et seq.* (IDEA), fue promulgado por el Congreso de los Estados Unidos para salvaguardar los derechos de los niños con diversidad funcional, y, a su vez, asegurar que estos reciban una educación gratuita que les provea los servicios adecuados para sus necesidades particulares. 20 USC sec. 1400(d); *Orraca López v. ELA,* 192 DPR 31, 41-42 (2014); *Declet Ríos v. Dpto. de Educación,* 177 DPR 765, 777 (2009). El referido estatuto dispone que los padres o

encargados de un menor con necesidades especiales que entiendan que no se le están honrando los derechos protegidos por IDEA, *supra*, o que no se le están proveyendo los servicios apropiados, pueden presentar una querella ante la agencia de educación local. IDEA, 20 USC sec. 1415(b)(6). Ahora bien, previo a la celebración de una vista administrativa, la agencia deberá convocar a los padres del menor a una reunión en la puedan exponer su reclamo y se le brinde oportunidad a la referida agencia de resolver el mismo. *Íd.*, 20 USC sec. 1415(f)(1)(B)(i).

A esos efectos, el Departamento de Educación aprobó el *Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado*, Reglamento Núm. 9168 de 26 de febrero de 2020. El mismo codifica, en su Artículo 7, las disposiciones de la Sección 1415(f)(1)(B)(i) de la ley IDEA, *supra*. En lo pertinente, el referido Reglamento establece que, previo a la celebración de una vista administrativa, se llevará a cabo una *reunión de conciliación* en la que se discutirán los remedios solicitados y se explorará la posibilidad de llegar a acuerdos que pongan fin a la querella presentada. La misma es de carácter mandatorio, salvo que las partes involucradas renuncien por escrito a dicha reunión o que opten por participar de un proceso de mediación. Reglamento Núm. 9168, *supra*, pág. 11.

En el Artículo 7, inciso 3, del referido Reglamento, y conforme a la reglamentación federal pertinente, 34 CFR sec. 300.510(b), se establece lo siguiente:

a. El padre, madre, encargado o tutor puede invitar a personas con conocimiento sobre la situación o controversias planteadas para que participe en la reunión de conciliación. Por el Departamento de Educación deberán participar los miembros del COMPU necesarios, incluyendo un representante de la agencia educativa que tenga capacidad y autoridad legal para tomar decisiones y suscribir acuerdos a nombre de la agencia educativa.

b. Sin embargo, si los padres se niegan a participar de la reunión de conciliación, y habiendo el conciliador realizado intentos razonables para comunicarse con estos para coordinar dicha reunión, un representante legal del Departamento de Educación podrá solicitar al Juez administrativo a quien se le asigne la querella, que la desestime sin perjuicio. Al ser desestimada sin perjuicio el padre, madre, encargado o tutor puede radicar la querella nuevamente.

Reglamento Núm. 9168, *supra*, págs. 12-13.

De igual forma, el Departamento de Educación creó el *Manual de Procedimientos de Educación Especial* del 20 de julio de 2020, con el propósito de dirigir los procesos relacionados con la prestación de servicios del programa de educación especial. En lo relativo a la controversia ante nos, la Sección 19.3 (C), reitera lo dispuesto por el Reglamento Núm. 9168, *supra,* así como lo establecido por la ley IDEA, *supra.* Específicamente, expone que "si los padres se niegan a participar en la reunión de conciliación y el DEPR hace intentos razonables para pautar la reunión y comunicarse con éstos, el DEPR puede solicitar al juez administrativo que desestime la querella sin perjuicio". *Íd.*, pág. 252.

**B**

Por otra parte, es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024); *Voilí Voilá Corp.,* et al. v. Mun. Guaynabo, 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las

determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de* Titulares, 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su

consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra, pág. 437. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra, págs. 484-485; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra, pág. 754; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares*, supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

**III**

En el presente caso, la recurrente alegó que el Foro Administrativo abusó de su discreción al desestimar su querella sin adjudicar sus planteamientos sobre la privación de una educación pública y gratuita. Además, adujo que el Departamento de Educación incidió al determinar que la ausencia de una reunión de conciliación acarreaba la desestimación automática de la causa. Por

estar relacionados entre sí, discutiremos los errores señalados en conjunto.

Conforme al derecho aplicable antes esbozado, al presentar una querella en contra del Departamento de Educación, será mandatorio celebrar una reunión de conciliación, ello con el propósito de ponderar la posibilidad de que las partes lleguen a un acuerdo. Solo podrá omitirse dicha reunión si las partes involucradas renuncian por escrito a la misma o deciden someterse a un proceso de mediación. Ahora bien, tanto de los estatutos federales aplicables, como de la normativa promulgada en Puerto Rico, surge claramente que si los padres del estudiante en cuestión no participan de la reunión de conciliación, el Departamento de Educación podrá solicitar la desestimación sin perjuicio de la querella.

En el caso ante nuestra consideración, surge que las partes coordinaron una reunión de conciliación para el 18 de diciembre de 2025. Del expediente se desprende que las partes intercambiaron varios correos electrónicos en vías de calendarizar dicha reunión. Surge de los referidos mensajes que tanto la recurrente, como su representación legal, confirmaron su asistencia a la misma. En específico, el 16 de diciembre de 2025, la representación legal de la recurrente respondió que la fecha sugerida por el recurrido le parecía hábil para llevar a cabo la reunión de conciliación. Asimismo, el 17 de diciembre de 2025, la señora Ambert Cabrera confirmó su asistencia. No obstante, llegada la fecha pautada, ninguna de estas compareció. Por ello, el Departamento de Educación solicitó la desestimación.

No emana de los documentos ante nos, ni del recurso presentado, que la recurrente haya argüido que tuvo una justificación razonable para no haber comparecido a la reunión de conciliación. Coincidimos con el Foro recurrido en cuanto a que el

Departamento de Educación documentó los esfuerzos razonables que llevó a cabo para lograr la celebración de la referida reunión. Del expediente administrativo surge que el recurrido intentó comunicarse con la recurrente, así como que esperó un tiempo razonable para que esta compareciera.[7]

Por tal razón, y en virtud de que, tanto la reglamentación federal pertinente, como el Reglamento Núm. 9168, *supra*, contemplan la posibilidad de que se desestime sin perjuicio una querella ante la falta de participación en la reunión de conciliación de los padres del menor, concluimos que el Foro Administrativo no abusó de su discreción al conceder la petición del Departamento de Educación. Es evidente que la recurrente se negó a participar del proceso de conciliación. Por tanto, procede confirmar el dictamen recurrido.

**IV**

Por los fundamentos antes esbozados, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


                         Lcda. Lilia M. Oquendo Solís
                    Secretaria del Tribunal de Apelaciones

---

[7] *Véase*, Apéndice del recurso en oposición, Anejo II-B, pág. 4.