EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Diana Colón Gorbea<br><br>Recurrida<br><br>v.<br><br>Yesenia Sánchez Hernández y Otros<br><br>Peticionarios | Certiorari<br><br>2019 TSPR 112<br><br>202 DPR ____ |

Número del Caso: CC-2017-879

Fecha: 13 de junio de 2019

Tribunal de Apelaciones:

    Región Judicial de Bayamón - Carolina

Abogado de la parte peticionaria:

    Lcdo. Manuel Colón Lebrón

Materia: Sentencia con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diana Colón Gorbea

   Recurrida

       v.            CC-2017-0879     *Certiorari*

Yesenia Sánchez Hernández
y Otros

   Peticionarios

SENTENCIA

En San Juan, Puerto Rico a 13 de junio de 2019.

Nos corresponde determinar si el Tribunal de Apelaciones erró al resolver que la causa de acción en daños y perjuicios en contra de cierto contador público autorizado, que dio lugar al presente litigio, surgió como resultado del incumplimiento de una relación contractual, -- y no como resultado de una obligación extracontractual --, al que le aplicaba el término prescriptivo de quince (15) años contemplado en el Art. 1864 del Código Civil de Puerto Rico, *infra*.

Examinada la normativa aplicable, adelantamos que el foro apelativo intermedio erró en su apreciación, pues las acciones en daños y perjuicios

por impericia profesional, como las contempladas en el caso de marras, son de naturaleza extracontractual y tienen un término prescriptivo de un (1) año, conforme a los dispuesto en el Art. 1868 de nuestro Código Civil, *infra*. En consecuencia, -- y como correctamente lo sentenció el Tribunal de Primera Instancia -- procedía la desestimación de la demanda instada en contra del mencionado contador público autorizado. Veamos.

I.

Allá para el 3 de junio de 2015, la doctora Diana Colón Gorbea (en adelante, "doctora Colón Gorbea") presentó una demanda de cobro de dinero, incumplimiento de contrato y daños y perjuicios en contra de la señora Yesenia Sánchez Hernández (quien trabajó como empleada de ésta realizando servicios de facturación), su esposo y la Sociedad Legal de Gananciales compuesta por ambos. En la misma, alegó que la señora Sánchez Hernández incumplió con su obligación de reembolsarle la suma de $17,756.77, conforme a lo pactado por ambas el 4 de junio de 2014, ello como consecuencia de que esta última -- en el ejercicio de sus labores administrativas -- utilizó dinero de su despacho médico para fines personales.

Posteriormente, el 8 de marzo de 2016, la doctora Colón Gorbea enmendó la demanda para incluir como codemandado al señor Carlos Dávila Silva, su esposa y la Sociedad Legal de Gananciales compuesta por ellos (en adelante, "el señor Dávila

Silva").[1] **En esencia, la doctora Colón Gorbea alegó que, mientras el señor Dávila Silva prestaba servicios como contador público autorizado a su oficina médica, fue negligente al no ejercer el cuidado requerido, según el estándar y el Código de Ética de la profesión, y al no aplicar las reglas de contabilidad requeridas por el Instituto Americano de Contadores Públicos Autorizados (AICPA, por sus siglas en inglés).** Ello, pues debió darse cuenta del proceso de dilapidación que llevó a cabo la señora Sánchez Hernández, desde abril de 2013 hasta mayo de 2014.

Enterado de ello, el 12 de octubre de 2016 el señor Dávila Silva presentó una *Moción de desestimación de demanda enmendada,* en la que solicitó que se desestimara la demanda instada en su contra por la doctora Colón Gorbea, toda vez que dicha causa de acción estaba prescrita. En dicho escrito, éste alegó que le informó a la doctora Colón Gorbea del referido descuadre en mayo de 2014, fecha en que comenzó a transcurrir el término de un (1) año que ésta tenía para reclamar daños y perjuicios por la alegada impericia profesional; por lo que al traérsele al pleito el 8 de marzo de 2016 tal actuación fue realizada fuera del término prescriptivo que se tenía para ello.

A la referida moción de desestimación, la doctora Colón Gorbea se opuso. En síntesis, ésta adujo que la demanda no

---

[1] La doctora Colón Gorbea también añadió como codemandados a la señora Christie Rodríguez Cruz, al señor Andrés Sierra Pagán, su esposa y la Sociedad Legal de Gananciales compuesta por ellos.

estaba prescrita porque su reclamación en daños y perjuicios surgía como consecuencia del incumplimiento del contrato de servicios profesionales que el señor Dávila Silva había suscrito con ésta, por lo que su causa de acción estaba sujeta a un término prescriptivo de quince (15) años.

Evaluados los argumentos de ambas partes, el 28 de marzo de 2017 el Tribunal de Primera Instancia emitió una *Resolución* en la que desestimó la demanda instada en contra del señor Dávila Silva. Ello, tras razonar que la obligación objeto de la reclamación en el presente litigio es una de naturaleza extracontractual, por lo que el término prescriptivo para hacer valer la misma era de un (1) año. Así pues, el tribunal concluyó que, al advenir en conocimiento del daño en mayo de 2014, la doctora Colón Gorbea debió reclamar judicial o extrajudicialmente en o antes de mayo de 2015 y no lo hizo, por lo que al instar la acción contra el señor Dávila Silva el 8 de marzo de 2016 -- dos (2) años después de haber conocido del alegado daño -- la misma estaba prescrita.

Inconforme con dicha determinación, y bajo fundamentos similares a los presentados en su réplica a la moción de desestimación ante el foro primario, el 8 de mayo de 2017 la doctora Colón Gorbea presentó un recurso de apelación ante el Tribunal de Apelaciones. Oportunamente, el señor Dávila Silva presentó su alegato de oposición a la referida apelación.

Examinados los planteamientos de ambas partes, el foro apelativo intermedio dictó una Sentencia en la cual revocó el

dictamen emitido por el Tribunal de Primera Instancia. El Tribunal de Apelaciones entendió que, a pesar de que la acción en cuestión es una reclamación por impericia profesional, no había impedimento alguno para tratar la misma como una de incumplimiento contractual. Consecuentemente, resolvió que la acción presentada por la doctora Colón Gorbea en contra del señor Dávila Silva tenía un término prescriptivo de quince (15) años, por lo que la acción fue instada oportunamente.

Insatisfecho con dicho proceder, y bajo los mismos fundamentos presentados ante el foro primario y el foro apelativo intermedio, el señor Dávila Silva presentó un recurso de *certiorari* ante nos.[2]

Trabada así la controversia, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[2] El señor Dávila Colón, en su recurso de *certiorari*, señala también como error que el recurso de apelación instado por la doctora Colón Gorbea en el Tribunal de Apelaciones fue presentado fuera del término de treinta (30) días correspondiente, y, en consecuencia, el foro apelativo intermedio carecía de jurisdicción para atender el recurso. Ello, pues, a su entender la *Sentencia* emitida por el Tribunal de Primera Instancia el 28 de marzo de 2017 fue notificada el 5 de abril de 2017, por lo que la doctora Colón Gorbea tenía hasta el 5 de mayo de 2017 para presentar el recurso, no obstante, ésta presentó el mismo el 8 de mayo de 2017. No le asiste la razón.

Conforme a lo dispuesto por la Regla 52.2 de Procedimiento Civil, **los términos para presentar los recursos de *certiorari* o apelación comenzarán a transcurrir desde la fecha de archivo en autos de copia de la notificación o desde la fecha de depósito en el correo, cuando esta última sea distinta a la primera**. En diversas ocasiones hemos reiterado que, la fecha de depósito en el correo corresponde a la fecha del matasellos del correo federal. Véase, *Suoffront v. A.A.A.*, 164 DPR 663 (2005); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1 (2000); *Ramos v. Condominio Diplomat*, 117 DPR 641 (1986).

Del expediente ante nuestra consideración se desprende que, la Sentencia cuya revisión se solicita fue depositado en el correo federal el 6 de abril de 2017. Apéndice de *Certiorari*, pág. 91. Siendo el 6 de abril de 2017 la fecha del depósito en el correo, la doctora Colón Gorbea tenía hasta el lunes, 8 de mayo de 2017, para presentar el recurso en cuestión. Así lo hizo, por lo que el mismo fue presentado en tiempo.

II.

Como es sabido, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) Falta de jurisdicción sobre la materia.

(2) Falta de jurisdicción sobre la persona.

(3) Insuficiencia del emplazamiento.

(4) Insuficiencia del diligenciamiento del emplazamiento.

**(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.**

(6) Dejar de acumular una parte indispensable.

(Énfasis suplido). *Íd.*

Al respecto, este Tribunal ha expresado que, al resolverse una moción de desestimación por el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625 (2006); *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Además, hemos señalado

que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante". *López García v. López García*, 2018 TSPR 57, 200 DPR ___ (2018); *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*.

Es decir, la demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *López García v. López García*, *supra*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*; *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305 (1970).

III.

Establecido lo anterior, es menester señalar que la prescripción extintiva es una de las formas de extinción de un derecho por la inercia de una parte en ejercer el mismo dentro del término prescrito por ley. *Fraguada Bonilla v. Hospital del Auxilio Mutuo*, 186 DPR 365 (2012); *S.L.G. Serrano-Báez v. Foot Locker*, 182 DPR 824, 831 (2011); *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1017 (2008). El objetivo que se persigue con esta forma de extinción de los derechos es impedir la incertidumbre de las relaciones jurídicas y sancionar la inacción del ejercicio de los derechos. *Orraca López v. ELA*, 192 DPR 31, 49 (2014); *COSSEC v. González López*, 179 DPR 793 (2010); *Santos de García v. Banco Popular*, *supra*, pág. 767. El requisito fundamental para

que la prescripción tenga efecto, es el transcurso del término provisto por la ley. Art. 1861, Código Civil de Puerto Rico, 31 LPRA sec. 5291.

Conforme a lo anterior, y en lo pertinente a la controversia que nos ocupa, el Art. 1868 del Código Civil, 31 LPRA sec. 5298, dispone que las acciones de daños y perjuicios por culpa o negligencia a las que se refiere el Art. 1802, 31 LPRA sec. 5141, tienen un término de prescripción de un (1) año.[3] *Col. Mayor Tecn. v. Rodríguez Fernández,* 194 DPR 635, 644 (2016); *Toro Rivera v. ELA,* 194 DPR 393, 415 (2015); *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*. El punto de partida del término de prescripción de una acción de daños y perjuicios es la fecha en que el agraviado conoció el daño, quién fue el autor del mismo, y los elementos necesarios para poder ejercitar su causa de acción. *Rivera Ruiz v. Mun. de Ponce,* 196 DPR 410, 416 (2016); *Toro Rivera v. ELA, supra,* págs. 415-416; *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra,* pág. 374. Esta doctrina se conoce en nuestro ordenamiento jurídico como la teoría cognoscitiva del daño. *COSSEC et al. v. González López et al., supra,* pág. 80; *García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 148 (2008); *Vera v. Dr. Bravo,* 161 DPR 308, 321-331 (2004).

---

[3] El Art. 1802 del Código Civil, *supra*, establece: "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización".

De otra parte, y ya en lo relacionado a las obligaciones contraídas mediante la existencia de un contrato previo, el Art. 1054 del Código Civil de Puerto Rico, 31 LPRA sec. 3018, dispone que "[q]uedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas". Véanse, *Maderas Tratadas v. Sun Alliance,* 185 DPR 880 (2012); *Muñiz-Olivari v. Steifel Labs.,* 174 DPR 813 (2008); Santiago Nieves v. A.C.A.A., 119 DPR 711 (1987). El Art. 1864 del Código Civil de Puerto Rico, 31 LPRA sec. 5294, dispone que las acciones personales que no tengan un término señalado de prescripción -- como lo son las contempladas en el Art. 1054 del Código Civil, *supra* -- prescribirán en un término de quince (15) años.

A.

Dicho ello, es importante pormenorizar aquí que existen contextos en que se da la concurrencia de acciones, es decir, que una misma conducta puede dar origen a los dos (2) tipos de causa de acción: una fundada en el concepto de negligencia y la otra basada en una obligación contraída mediante un contrato previo. Véase, *Maderas Tratadas v. Sun Alliance,* 185 DPR 880 (2012); *Martínez Marrero v. González Droz,* 180 DPR 579 (2011); *Ramos Lozada v. Orientalist Rattan Furnt. Inc.,* 130 DPR 712 (1992). Para que opere la concurrencia de acciones deberán darse los siguientes requisitos: (1) que el hecho

causante del daño sea al mismo tiempo incumplimiento de una obligación contractual y violación al deber general de no causar daño a otro, entiéndase, violación de un deber con abstracción de la obligación contractual que se daría aunque ésta no hubiere existido; (2) el perjudicado ha de ser la misma persona, el acreedor contractual; y (3) la doble infracción fue cometida por una misma persona, el deudor contractual. *Maderas Tratadas v. Sun Alliance, supra*, pág. 910; *Ramos Lozada v. Orientalist Rattan Furnt. Inc., supra,* pág. 725; *Márquez v. Torres Campos,* 111 DPR 854 (1982). En estos casos, no procedería la indemnización por ambos tipos de acción, pues ello supone la duplicación de los remedios. *Maderas Tratadas v. Sun Alliance, supra*, pág. 911. Véase, además, *Ramos Lozada v. Orientalist Rattan Furnt. Inc., supra*; *Márquez v. Torres Campos, supra.*   Así pues, el reclamante deberá decidir cuál de las dos causas de acción ejercerá. *Maderas Tratadas v. Sun Alliance, supra*, pág. 911; *Martínez Marrero v. González Droz, supra, pág. 592, Ramos Lozada v. Orientalist Rattan Furnt. Inc., supra,* pág. 725.

Ahora bien, **independientemente de la existencia de un contrato entre las partes, conviene recordar aquí que, por décadas, este Tribunal ha resuelto que las acciones en daños y perjuicios por impericia profesional, -- como la que nos ocupa -- son de naturaleza extracontractual,** *Martínez Marrero v. González Droz, supra*, pág. 592; *Ortega et al. v. Pou et al.,* 135 DPR 711 (1994)*; Ramos Lozada v. Orientalist Rattan*

*Furnt. Inc., supra,* pág. 725, esc. 10, **a las que les aplica el término prescriptivo de un (1) año dispuesto en el Art. 1868 del Código Civil, *supra*.** Recordemos que las acciones por impericia profesional son aquellas que nacen cuando una persona desempeña su oficio, profesión u ocupación sin la debida prudencia o diligencia, o sin poseer la habilidad requerida. *Pueblo v. Ruiz Ramos*, 125 DPR 365, 386 (1990). Véase, además, *Rodríguez Ruiz v. Hosp. San Jorge,* 169 DPR 850 (2007); *Col. Mayor Tecn. v. Rodríguez Fernández, supra.*

B.

Por último, y por considerarlo en extremo pertinente para la correcta disposición de la controversia que nos ocupa, precisa señalar que, en lo referente a la prescripción en las acciones de daños y perjuicios, y conforme a la doctrina de solidaridad impropia u obligación *in solidum*, el perjudicado y reclamante de daños -- en el contexto de varios cocausantes del daño -- debe interrumpir el término prescriptivo respecto a cada presunto cocausante del daño. Véase, *Maldonado Rivera v. Suárez,* 195 DPR 182 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra.* Ello incluye a los terceros demandados. *Maldonado Rivera v. Suárez, supra.*

Así pues, toda persona que desee ejercer una acción de daños como consecuencia de un acto culposo o negligente contra varios cocausantes deberá hacer la correspondiente reclamación contra cada uno de éstos dentro del término de un (1) año desde que el reclamante conoció o debió conocer del

daño, o de lo contrario se corre el riesgo de que su causa de acción contra éstos o éstas prescriba. Tal es el caso de autos.

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de las controversias ante nuestra consideración.

IV.

Como señalamos anteriormente, y en lo que respecta al presente caso, **en su demanda enmendada, la doctora Colón Gorbea reclama contra el señor Dávila Silva los daños sufridos a causa de la negligencia de éste, al no ejercer el cuidado requerido, según el estándar y el Código de Ética de los contadores públicos autorizados. Ello, por éste no darse cuenta a tiempo de la dilapidación realizada por la codemandada, la señora Sánchez Hernández. Asimismo, la doctora Colón Gorbea aduce que el señor Dávila Silva fue negligente al no aplicar las reglas de contabilidad requeridas por el AICPA.**

Como se puede apreciar, lo reclamado por la doctora Colón Gorbea es, a todas luces, una reclamación por impericia profesional por parte de su contador público autorizado, el señor Dávila Silva. Para ejercer tal reclamación contra el señor Dávila Silva, el término con que contaba la doctora Colón Gorbea era el de un (1) año dispuesto en el Art. 1802

de nuestro Código Civil, *supra*. Lo anterior, desde que advino en conocimiento de la referida dilapidación.

Según se desprende del expediente bajo estudio, la doctora Colón Gorbea advino en conocimiento de la dilapidación alegadamente incurrida por la codemandada, la señora Sánchez Hernández, en **mayo de 2014**. A más de un año después, en **marzo de 2016**, la doctora Colón Gorbea enmendó la demanda para incluir al señor Dávila Silva como codemandado, sin antes haber interrumpido oportunamente el término que tenía para ello, mediante alguno de los métodos mencionados anteriormente. No habiendo la doctora Colón Gorbea interrumpido oportunamente el término prescriptivo de un (1) año que tenía para demandar al señor Dávila Silva procedía -- como correctamente lo decidió el foro primario -- la desestimación de la demanda instada contra éste. Se cometió, pues, el error señalado.

V.

Por los fundamentos antes expuestos, se revoca la *Sentencia* emitida por el Tribunal de Apelaciones y se desestima la reclamación por impericia profesional instada por la doctora Colón Gorbea en contra de su contador público autorizado, el señor Dávila Silva.

Regístrese y notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió

un Voto Particular Disidente. Los Jueces Asociados señores Rivera García y Estrella Martínez disienten sin opinión escrita. La Jueza Asociada señora Pabón Charneco no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Diana Colón Gorbea

     Recurrida

       v.                       CC-2017-0879    *Certiorari*

Yesenia Sánchez Hernández
y otros

     Peticionarios



La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente



En San Juan, Puerto Rico, a 13 de junio de 2019.

Por entender que no procede la desestimación de la demanda en esta etapa de los procedimientos, disiento del proceder mayoritario. Un análisis de las alegaciones de la demanda, conforme al estándar aplicable a una moción de desestimación presentada al amparo de la Regla 10.2 (5) de Procedimiento Civil, infra, impide concluir con certeza que la parte demandante no tiene derecho a remedio alguno. Veamos.

I

En el caso de referencia, la Dra. Diana Colón Gorbea (doctora Colón Gorbea) contrató al CPA Carlos Dávila Silva (CPA Dávila Silva) para realizar la contabilidad y preparar las planillas contributivas de la operación

de su oficina médica. Tras advenir en conocimiento de que la codemandada Yesenia Sánchez Hernández dilapidó fondos de su oficina, la doctora Colón Gorbea entabló una demanda contra esta y sus dos contables. Respecto al CPA Dávila Silva, alegó que este: (1) no ejerció el cuidado requerido, según exige el código de ética de los contables; (2) debió darse cuenta del proceso de dilapidación; (3) mantuvo silencio y nunca cuestionó las irregularidades que ocurrían en la oficina; (4) informó un año más tarde que la planilla del 2013 no cuadraba; (5) no advirtió a la demandante para que esta pudiera tomar acciones preventivas y/o correctivas respecto a la codemandada Sánchez Hernández; (6) no realizó operaciones de contabilidad de forma integral y oportuna para advertir las deficiencias en la facturación; (7) no aplicó las reglas de la contabilidad que exige la American Institute of Certified Public Accountants (AICPA); (8) no entregó los documentos de trabajo de estados bancarios y documentación que se le dieron para la preparación de las planillas; y (9) no estableció controles contables para identificar que la codemandada Cristie Rodríguez Cruz no estaba realizando la facturación y que la codemandada Sánchez Hernández se estaba apropiando del dinero.[4]

Tras una solicitud al amparo de la Regla 10.2 (5) de Procedimiento Civil, _infra_, el Tribunal de Primera Instancia desestimó la demanda contra el CPA Dávila Silva. El foro primario razonó que estaba prescrita por tratarse de una reclamación de daños y perjuicios por impericia profesional. El Tribunal de Apelaciones revocó al foro recurrido por entender que, aunque

---

[4] _Demanda_, Apéndice, págs. 42-43.

habían alegaciones de índole extracontractual, otras "evaluadas de la manera más favorable a la parte demandante, arrojan dudas sobre la naturaleza de la alegada omisión…".[5] Así, indicó que "no se puede precisar si las omisiones imputadas surgieron a raíz de la inobservancia de los *deberes* que la práctica de la contabilidad le impone al apelado o si, por el contrario, se trató de obligaciones expresa y específicamente convenidas entre las partes".[6] Distinto a lo que se esboza en la Sentencia que suscribe una Mayoría, el Tribunal de Apelaciones no trató una acción de impericia profesional como una de incumplimiento contractual sujeta al término prescriptivo de quince (15) años. En cambio, y acertadamente, el foro apelativo intermedio razonó que, al analizar las alegaciones de la demanda de la forma más favorable, puede haber alegaciones estrictamente contractuales, además de aquellas sobre el incumplimiento de los deberes éticos y profesionales del CPA Dávila Silva. Por los fundamentos que se exponen a continuación, procedía confirmar el dictamen del foro apelativo intermedio.

II

La Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite presentar una moción de desestimación cuando la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Es norma reiterada que, ante esta solicitud, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". Autoridad de Tierras v. Moreno, 174 DPR 409, 428 (2008).

---

[5] *Sentencia* del Tribunal de Apelaciones, pág. 15
[6] Íd.

Igualmente, se exige que se interpreten las alegaciones de la demanda "liberalmente y de la manera más favorable al demandante". Íd., págs. 428-429. Esta interpretación requiere, a su vez, "conceder el beneficio [al demandante] de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda". Montañez v. Hosp. Metropolitano, 157 DPR 96, 105 (2002). Hemos enfatizado que el ejercicio de interpretación debe ser "lo más liberalmente posible a favor de la parte demandante". Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497, 505 (1994). Así, la causa de acción solo se podrá desestimar si "**se desprende con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**". Íd. (énfasis suplido).

De otra parte, en nuestro ordenamiento solo se exige exponer en la demanda: (1) una relación sucinta y sencilla de los hechos demostrativos de que el peticionario tiene derecho a un remedio y (2) la solicitud del remedio. Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. Acorde con lo anterior, un demandante no está obligado a anejar documentos a la demanda.

### III

Ciertamente, algunas de las alegaciones de la demanda son de índole extracontractual y, por tanto, están prescritas.[7] Ahora bien, al evaluar otras alegaciones de la forma más favorable a la demandante y permitir aquellas inferencias que surjan de los hechos bien alegados, surge que en la Demanda también puede haber

---

[7] En estas se hacía referencia a deberes éticos y exigencias profesionales de los contadores públicos autorizados.

reclamaciones contractuales sujetas al término de quince años.[8]

Destacamos las siguientes:

> 24. Los codemandados CPA Dávila y CPA Sierra, fueron negligentes al no entregar los documentos de trabajo de estados bancarios y documentación que le fuera entregada para la preparación de las planillas contributivas del año 2013-2014, respectivamente.

> 26. Los codemandados CPA Dávila y CPA Sierra, fueron negligentes al **no establecer mediante controles contables** que pudieran identificar que la codemandada Rodríguez Cruz no estaba realizando la facturación y que se pudiera determinar efectivamente que la codemandada Sánchez Hernández se estaba apropiando de dinero.

Ante las alegaciones expuestas, correspondía devolver el caso al foro primario para que evaluara si las partes pactaron obligaciones adicionales a los deberes que tiene todo contador público autorizado. Por ejemplo, pudieron haber acordado términos específicos o aspectos particulares sobre cuál era el deber del CPA Dávila Silva, si alguno, de notificar a la demandante si se percataba de irregularidades en las planillas, facturas, cuentas, etc. También pudieron haber pactado asuntos específicos respecto a los "controles contables" que se debían establecer para identificar y/o prevenir irregularidades. Por tanto, en ausencia del contrato y en desconocimiento de cuáles son los deberes y las reglas de contabilidad según el Código de Conducta Profesional de la American Institute of Certified Public

---

[8] Cabe recordar que una parte contratante puede ser responsable, tanto de daños extracontractuales, como de daños contractuales. Estos últimos prescriben a los quince (15) años. El Artículo 1054 del Código Civil, 31 LPRA sec. 3018, dispone que:
> Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas.

Accountants (AICPA), ni el foro primario ni este Tribunal podían concluir **con certeza** que la demandante no tiene derecho a ningún remedio frente al CPA Dávila Silva.

En vista de lo anterior confirmaría la determinación del Tribunal de Apelaciones, ya que no procede la desestimación en esta etapa de los procedimientos.

Por todo lo anterior, disiento.

Maite D. Oronoz Rodríguez
Jueza Presidenta