ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| N.C.R.<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrido | TA2026RA00018 | *Revisión Administrativa* procedente del Foro Administrativo de Educación Especial<br><br>Núm. QEE-2526-27-10-00939<br><br>Sobre: Reembolso |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2026.

Comparece ante esta Curia la Sra. Delymar Rolón González (Recurrente), en representación de su hijo N.C.R. Solicita que revoquemos la *Resolución por Desestimación* que notificó el Foro Administrativo de Educación Especial (FAEE), el 12 de diciembre de 2025, mediante la cual desestimó la *Querella* de epígrafe por falta de jurisdicción.

Por los fundamentos que exponemos a continuación, revocamos el dictamen impugnado.

**I.**

El 1 de octubre de 2025, la Recurrente incoó la presente *Querella* sobre reembolso de costos en contra del Departamento de Educación (Departamento). Surge de sus alegaciones que, N.C.R. está registrado en el Programa de Educación Especial del Departamento y que presenta unos diagnósticos que afectan su rendimiento escolar e interpersonal, por lo cual, requiere de ayuda psicológica y de servicios educativos y terapéuticos.

Se colige además que, como parte del Programa Educativo Individualizado (PEI), N.C.R cursó su noveno grado en la Academia San Jorge en San Juan, durante el año escolar 2022-2023. Lo antes, como parte de la obligación del Departamento y del Comité de Programación y Ubicación (COMPU) de preparar un PEI que atienda las necesidades y diagnósticos de sus estudiantes. Expuso que, el Departamento es responsable de garantizar que sus estudiantes reciban en las escuelas privadas en las cuales fueron ubicados una educación pública, gratuita y apropiada.[1]

La Recurrente señaló que, los servicios educativos que recibió N.C.R. tuvieron unos costos y que el Departamento reconoce el derecho de los padres a obtener un reembolso cuando: (a) la agencia no ofrece una educación pública, gratuita y apropiada de manera oportuna antes de la ubicación en la escuela privada; (b) si la ubicación privada del estudiante es apropiada; y (c) si se cumplen los requisitos de equidad. Aseguró tener derecho al reembolso de los costos de matrícula, libros, materiales, almuerzos y mensualidades durante el año escolar 2022-2023, lo cual indicó haber intentado gestionar inicialmente a través de la plataforma MiPE pero la cuenta del estudiante no aparecía activada.[2]

Surge también de la *Querella* que, el 11 de abril de 2024, la Recurrente acudió personalmente a la Oficina de Apoyo a Padres y es allí cuando le informaron que debía tramitar el reembolso mediante el envío de los documentos al correo electrónico [Heredia_s@de.pr.gov](mailto:Heredia_s@de.pr.gov), perteneciente a la funcionaria Silka Y. Heredia Pacheco. Narró que, el 14 de abril de 2024, envió los documentos del reembolso al correo electrónico provisto. Acreditó haber recibido un correo electrónico de la Sra. Heredia, el 15 de abril de 2024, mediante el cual esta última le informó que debía entregar la carta de autorización y los estados de cuenta del banco.

---

[1] Ley Núm. 51 de 7 de junio de 1996, Ley de Servicios Educativos Integrales para Personas con Impedimentos, 18 LPRA secs. 1351 *et seq.*
[2] El desglose de los costos cuyo reembolso reclamó es: Matrícula $1,655.00, más $5,750.00 en mensualidades y $527.60 en libros.

La Recurrente narró haber enviado todos los documentos solicitados por correo electrónico a la Sra. Heredia, el 21 de mayo de 2024. Detalló, además, que el 20 de junio de 2024 acudió nuevamente a la Oficina de Apoyo a Padres para indagar sobre cómo obtener la carta de autorización solicitada, la cual logró obtener ese mismo día. Aseguró haber dado seguimiento sobre el estado del reembolso a la Sra. Heredia -vía correo electrónico, sin recibir respuesta. Alegó haber acudido nuevamente ante la Oficina de Apoyo a Padres para conocer el estatus de su reembolso, el 10 de septiembre de 2024. Expresó que, en esa ocasión, la funcionaria Yesenia Vázquez de la Oficina de Contabilidad le notificó no tener documento alguno en su expediente sobre el reembolso del año escolar 2022-2023 debido a un proceso de transición. Tras la Recurrente informar haberlos enviado mediante correo electrónico, la Sra. Vázquez le indicó que debía entregarlos nuevamente en papel y a la mano.

Según expuso, en respuesta a lo anterior, incoó la presente *Querella,* el 1 de octubre de 2025. Agregó que, el 11 de octubre de 2025, el Departamento contestó la querella y allí negó las alegaciones en su contra. Expresó que, durante la reunión de conciliación que se llevó a cabo el 28 de octubre de 2025, esta causa fue referida a una vista administrativa ante la controversia planteada por el Departamento sobre falta de jurisdicción. Celebrada la vista administrativa, el 24 de noviembre de 2025, el foro recurrido notificó la *Resolución por Desestimación* aquí impugnada y ordenó el archivo de la presente causa. Dictaminó que, la Recurrente presentó la *Querella* fuera del término de dos (2) años que dispone la legislación federal *Individuals with Disabilities Education Improvement Act,* 20 USCA sec. 1415(f)(3))C) y el Artículo 9 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial.

Inconforme, la Recurrente acude en revisión judicial ante esta Curia y le imputa a la FAEE la comisión de dos (2) errores, a saber:

ERRÓ EL FORO ADMINISTRATIVO AL DETERMINAR DE MANERA SUMARIA QUE ESTÁ PRESCRITO EL PLAZO DE DOS AÑOS ESTABLECIDO POR LA LEY IDEA PARA SOLICITAR EL REEMBOLSO CORREPONDIENTE AL AÑO ESCOLAR 2022-2023, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

ERRÓ EL FORO ADMINISTRATIVO AL NO RECONOCER QUE EL DEPARTAMENTO DE EDUCACIÓN SE OBLIGÓ A REEMBOLSAR LOS COSTOS DEL AÑO ESCOLAR 2022- 2023 POR ACUERDO ENTRE LAS PARTES.

En atención a la *Resolución* que notificamos a esos efectos, y tras conceder la prórroga solicitada, la Oficina del Procurador General -en representación del Departamento- presentó su *Escrito en Cumplimiento de Resolución.* De este surge claramente que el Departamento se allana a que se revoque el dictamen recurrido, a que se deje sin efecto la desestimación de la *Querella* y a que el asunto sea devuelto a la FAEE. Lo antes, a los fines de que la Recurrente presente prueba sobre las presuntas gestiones que realizó ante el Departamento y demuestre haber interrumpido el término prescriptivo previo a instar su reclamación. Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A. La Revisión Judicial**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos, en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos, a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez*

*y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 2025 TSPR 56, resuelto el 21 de mayo de 2025.[3] Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Entiéndase que, los foros judiciales no tienen que ser deferentes ante la interpretación de derecho que realice un organismo administrativo, sencillamente porque la legislación es ambigua. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra. Por tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que, procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Íd.* De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec.

---

[3] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Íd.*

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo, sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021).

A tono con lo anterior, la citada Sección 4.5 de la LPAU, *supra,* dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Lo antes, en consideración a la facultad inherente que poseen los foros judiciales de interpretar la ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.[4] De manera que, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018).

De otra parte, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para

---

[4] En *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra, el Alto Foro acogió lo resuelto en *Loper Bright Enterprises v. Raimondo,* 603 US 369, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en donde el Tribunal Supremo Federal pautó el fin de conceder deferencia absoluta a las apreciaciones de derecho de los organismos administrativos. De conformidad, el Alto Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales."

derrotarlas. *Transp. Sonnell v. Jta. Subastas ACT,* 214 DPR 633 (2024); *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### B. Reglamento Núm. 9196

El Artículo 9.1 del *Reglamento de Compras de Servicio en Escuelas Privadas,* Reglamento Núm. 9196, aprobado el 9 de julio de 2020, reconoce el derecho de los padres a obtener el reembolso tanto de los gastos educativos como de los relacionados, incurridos a beneficio de sus hijos si se cumplen las siguientes circunstancias:

1. la agencia no ofrece educación pública, gratuita y apropiada de manera oportuna antes de la ubicación en la escuela privada;
2. si la ubicación privada del estudiante es apropiada y
3. si se cumplen los requisitos de equidad.

De otra parte, el Artículo 9.2 del Reglamento Núm. 9196 detalla los requisitos para solicitar el reembolso, en términos de la documentación necesaria. Mientras que, el Artículo 9.3 del citado reglamento advierte que, el cumplimiento con la entrega de documentos no implica la procedencia del reembolso. Más bien, el mismo procederá luego de que el personal de la agencia revise la solicitud de reembolso y determine si procede o no.

### C. La Ley IDEA

En el 1975, el Congreso de los Estados Unidos aprobó la Ley Pública Núm. 94–142 conocida como *Education of All Handicapped Children Act* con el propósito de asegurarse de que los estudiantes con impedimentos recibieran una educación pública gratis y apropiada que cumpliera con las necesidades específicas de cada

uno de ellos, y con el fin de proteger los derechos de los estudiantes con impedimentos y los de sus padres, madres o custodios. Ley Púb. Núm. 94–142 de 29 de noviembre de 1975 (89 Stat. 773). La referida ley fue enmendada por el Congreso en 1991, luego en 2004, y actualmente se le conoce como el *Individuals with Disabilities Education Improvement Act,* 20 USC secs. 1400 *et seq.* (IDEA). La ley federal IDEA establece "que los estados y territorios que reciben fondos federales tienen que promover programas de educación especial pública, gratuita y apropiada, diseñados para atender las necesidades especiales y específicas de cada menor". *Orraca López v. ELA,* 192 DPR 31, 42 (2014).[5]

A esos efectos, la IDEA habilita un programa de enseñanza particular para cada estudiante de educación especial, enfocado en atender sus necesidades y sin costo para los padres.[6] Su objetivo es brindar a estos menores la oportunidad de preparase para llevar una vida independiente en el futuro, entre otros.

De un padre estar inconforme con una acción, inacción o determinación del Departamento -atinente a la identificación, evaluación, ubicación o al ofrecimiento de la educación especial pública, gratuita y apropiada-, esta ley concede a la parte un término de dos (2) años para presentar su reclamo ante la agencia, contados a partir de que advino o que debió advenir en conocimiento de la alegada violación.[7] Exceptúa del referido plazo prescriptivo cuando el padre no pudo acudir al foro administrativo debido a una falsa representación de la agencia o porque esta última retuvo información que le fue requerida. En lo pertinente, la mencionada legislación federal dispone:

> **(D) Exceptions to the timeline**
>
> The timeline described in subparagraph (C) shall not apply to a parent if the parent was prevented from requesting the hearing due to--

---

[5] Véase, además, 20 USC sec. 1400(d)(1)(A).
[6] 20 USC sec. 1401(29).
[7] 20 USC sec. 1415(b)(6)(B).

**(i)** specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or

**(ii)** the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.[8]

Análogamente, el Artículo 14(a) del Reglamento Núm. 9168, *Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogados,* aprobado el 26 de febrero de 2020, establece el término prescriptivo de dos (2) años para presentar una querella, y exceptúa de la aplicación del referido plazo si:

i. al padre, madre o encargado se le impidió presentar la querella debido específicamente a una falsa representación de que la agencia había resuelto la situación en la que se basa la querella o

ii. la Agencia retuvo información que debió ser notificada al padre, madre o encargado.[9]

### III.

En su recurso, la Recurrente argumenta que incidió la FAEE al decretar que la *Querella* de epígrafe está prescrita ya que el término prescriptivo de dos (2) años aplicable comienza a partir del 10 de septiembre de 2024, cuando advino en conocimiento de las falsas representaciones que hizo el Departamento con respecto al trámite de su solicitud de reembolso. Asegura que, previo a esa fecha, el Departamento aparentó estar atendiendo su petitorio de reembolso, en lo cual ella confió de buena fe. Señala además que, el 25 de octubre de 2022, el Departamento se obligó a reembolsarle el pago de la matrícula, de las mensualidades y el costo de los libros cuando aprobó la solicitud de compra de servicios educativos relacionados a N.C.R. en una institución privada para el año escolar 2022-2023.

Es preciso destacar que, en lugar de acreditar un alegato en oposición, el Departamento presenta ante esta Curia un *Escrito en*

---

[8] 20 USC sec. 1415(f)(3)(D).

[9] La Sección 19.3(A)(3) del Manual de Procedimientos de Educación Especial de julio de 2020, también provee un término prescriptivo de dos (2) años para los padres incoar una querella de educación especial.

*Cumplimiento de Resolución* en el cual se allana a la revocación del dictamen impugnado, a dejar sin efecto la desestimación de la *Querella* y solicita la continuación de los procedimientos ante el FAEE, a los fines de que la Recurrente evidencie qué gestiones realizó ante el Departamento dirigidas a solicitar el reembolso y si estas tuvieron el efecto de interrumpir el término prescriptivo de dos (2) años.

Tras un examen sosegado del recurso de epígrafe, de la comparecencia del Departamento y del expediente en su totalidad, convenimos revocar la *Resolución por Desestimación* objeto de impugnación y dejar sin efecto la desestimación de la *Querella* por entender que la FAEE posee jurisdicción sobre la presente causa. Dictaminamos, además, que las gestiones que realizó la Recurrente ante el Departamento tuvieron el efecto de interrumpir el término prescriptivo aplicable. Se cometieron los errores señalados. A tales efectos, devolvemos el presente asunto ante la FAEE con el propósito de que dicho foro celebre la vista correspondiente para determinar la cuantía que le corresponda al Departamento reembolsar a favor de la Recurrente el pago incurrido por concepto de gastos educativos en este caso.

**IV.**

Por los fundamentos antes expuestos, revocamos el dictamen impugnado y devolvemos el asunto al foro administrativo para la continuación de los procesos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones